# EXHIBIT B



## PROCESS SERVER DELIVERY DETAILS

**Date:**                        Tue, Jul 23, 2024
**Server Name:**                 Bruce Anderson

| Entity Served | SAINT-GOBAIN GLASS CORPORATION |
|---|---|
| Case Number | 30202401413259CUOECXC |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Case Electronically Filed by Superior Court of California, County of Orange, 07/19/2024 12:15:11 PM.
30-2024-01413259-CU-OE-CXC - ROA #4 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.
#:54

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAINT-GOBAIN GLASS CORPORATION, a corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSALETY AVILA BARNETT and JOSHUA NAPPI, individually, and on behalf of all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es:)* Orange Superior Court

Civil Complex Center
751 West Santa Ana Blvd., Santa Ana, California 92701

Judge Melissa R. McCormick

CASE NUMBER:
*(Número del Caso:)*
30-2024-01413259-CU-OE-CXC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

Justin F. Marquez, Wilshire Law Firm, 3055 Wilshire Blvd., 12th Fl., Los Angeles, CA 90010; (213) 381-9988

| DATE: 07/19/2024<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *G. Ramirez*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SAINT-GOBAIN GLASS CORPORATION, a corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 07/19/2024 12:15:11 PM.
30-2024-01413259-CU-OE-CXC - ROA #5 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.
#:55

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Justin F. Marquez, Esq. Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010 Telephone No.: (213) 381-9988  Fax No. (Optional): (213) 381-9989 E-Mail Address (Optional): justin@wilshirelawfirm.com ATTORNEY FOR *(Name):* Rosalety Avila Barnett, et al.  Bar No: 262417 | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Rosalety Avila Barnett and Joshua Nappi

DEFENDANT / RESPONDENT: Saint-Gobain Glass Corporation

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE**  *(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | CASE NUMBER: 30-2024-01413259-CU-OE-CXC DEPT: JUDGE: STATUS CONFERENCE DATE: |
|---|---|

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?                     Yes _____   No _✓_

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?          Yes _____   No _✓_

    If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?                     Yes _____   No _✓_

    If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?          Yes _____   No _✓_

    If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?                     Yes _____   No _✓_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_July 19, 2024_                     _____
**DATE**                     **SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277  [New June 1, 2005]

EXHIBIT B- PAGE 53

Electronically Filed by Superior Court of California, County of Orange, 07/19/2024 12:15:11 PM.
30-2024-01413259-CU-OE-CXC - ROA #3 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.
#:56

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin F. Marquez (#262417); Arsiné Grigoryan (# 319517); Dorota A. James (#309933) Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010 | |

TELEPHONE NO.: (213) 381-9988       FAX NO.: (213) 381-9989
EMAIL ADDRESS: justin@wilshirelawfirm.com
ATTORNEY FOR *(Name):* Plaintiffs Rosalety Avila Barnett and Joshua Nappi

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS: 751 West Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Rosalety Avila Barnett, et al. v. Saint-Gobain Glass Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2024-01413259-CU-OE-CXC |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Melissa R. McCormick DEPT.: CX-104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 19, 2024

Justin F. Marquez, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

EXHIBIT B- PAGE 54

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT B- PAGE 55

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

    (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

    (2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

    (3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

    (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT B- PAGE 56

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

EXHIBIT B- PAGE 57

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

EXHIBIT B- PAGE 58

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

<table>
<tr><td>

ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>
NAME:<br>
FIRM NAME:<br>
STREET ADDRESS:<br>
CITY:       STATE:    ZIP CODE:<br>
TELEPHONE NO.:   FAX NO.:<br>
E-MAIL ADDRESS:<br>
ATTORNEY FOR (name):

</td><td>

FOR COURT USE ONLY<br><br>
For your protection and privacy, please press the Clear This Form button after you are done printing this form.

</td></tr>
</table>

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                    (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

**✓ *Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.***



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program.  Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation.  These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases.  It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"], Local Rules – Superior Court of California, County of Orange,* and these *Guidelines* is expected.  The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism.*  (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

## I. GENERAL MATTERS

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq*. All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (657) 622-5314. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. ***Form CM-110 should not be used in any action designated or provisionally designated as***

*complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference.  The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate.  A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial.  However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible.  To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided.  The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings.  A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial. The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1. **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

EXHIBIT B- PAGE 63

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress.  The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department.  Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC'S"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar.  If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases.  If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard**.**

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and     resolving procedural issues concerning the trial.  The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible.  **The Pre-trial**

**Conference is not a substitute for the Issues Conference required by Local Rule 317.**

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

## IX. <u>Use of the Court's Evidence Presentation Systems</u>

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the

use of an electronic evidence presentation system.  Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R.  Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits.  Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs.  Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court.  The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits.  Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked.  However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence.  The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence.  Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct.  Any disagreement must be brought to the attention of the court at the earliest reasonable time.  Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X.  TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine.*  It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues.  Matters of day-to-day

trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials. See, <u>Kelly v. New West Federal Savings</u> (1996) 49 Cal.App.4[th] 659,671.


APPENDIX 1
### California Attorney Guidelines of Civility and Professionalism
(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

8

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

---

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

(Rev. May 4, 2010)

EXHIBIT B- PAGE 69

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX FACT SHEET**

---



## WHAT IS THE CIVIL COMPLEX CENTER?

It is a 36,000 square foot, five-courtroom facility that is the first of its kind in Southern California. It was specially designed to manage complex civil litigation.

## WHAT IS A CIVIL COMPLEX CASE?

A "complex case," as defined by Rule 3.400 of the California Rules of Court, is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties and counsel.

### CHARACTERISTICS OF COMPLEX CIVIL CASES:

- ANTITRUST OR TRADE REGULATION CLAIMS

- CONSTRUCTION DEFECT CLAIMS INVOLVING MANY PARTIES OR STRUCTURES

- SECURITIES CLAIMS OR INVESTMENT LOSSES INVOLVING MANY PARTIES

- ENVIRONMENTAL OR TOXIC TORT CLAIMS INVOLVING MANY PARTIES

- CLAIMS INVOLVING MASS TORTS

- CLAIMS INVOLVING CLASS ACTIONS

- INSURANCE COVERAGE CLAIMS INVOLVING TRADE REGULATIONS OR CLASS ACTIONS

- OTHER CASES WHICH INVOLVE:

  NUMEROUS PRETRIAL MOTIONS RAISING DIFFICULT OR NOVEL LEGAL ISSUES THAT WILL BE TIME-CONSUMING TO RESOLVE

  MANAGEMENT OF A LARGE NUMBER OF WITNESSES OR A SUBSTANTIAL AMOUNT OF DOCUMENTARY EVIDENCE

  MANAGEMENT OF A LARGE NUMBER OF SEPARATELY REPRESENTED PARTIES

  COORDINATION WITH RELATED ACTIONS PENDING IN ONE OR MORE COURTS IN OTHER COUNTIES, STATES, OR COUNTRIES, OR IN FEDERAL COURT.

1

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

---

**COMPLEX FACT SHEET**

---

## HOW DOES THE CENTER BENEFIT THE COURT?

The Superior Court of the State of California, County of Orange was able to accomplish two objectives in establishing the Civil Complex Center.

1.    The court has integrated technological innovations into the design of the courtrooms to accommodate laptops and information processing systems which are needed to make more efficient use of court time and reduce trial length.  Complex civil cases often involve full boxes of documents and storerooms of evidence which can be difficult to access and time-consuming at trial without the assistance and speed of automation and electronic displays.

2.    The court and county are now able to complete a needed floor by floor renovation of the Central Justice Center (CJC) without leasing space for the five courtrooms which formerly occupied space on the 11th floor of the CJC.

## COMPLEX LITIGATION PILOT PROGRAM

Orange County Superior Court is one of only six courts in the state, selected by the Administrative Office of the Courts (AOC), to participate in the Complex Civil Litigation Pilot Program.  Other participating courts are Alameda, Contra Costa, Los Angeles, San Francisco and Santa Clara.  Partially funded by the Judicial Administration Efficiency and Modernization Fund in the 1999 Budget Act, the goal of the program is to identify successful programs or procedures that can be replicated by other courts to provide prompt, cost-effective, and fair resolutions of complex cases.

Additionally, the information learned during the complex pilot program will be included in the "Deskbook on the Management of Complex Civil Litigation", a manual that is used by state court judges and litigators to help them identify and handle complex cases more efficiently.

## DETAILS ON TECHNOLOGY:

In the past, litigants would bring heavy boxes loaded with paper documents to court and often would take court time to sift throughout the information while presenting their case. Those with information stored electronically would bring their own projector and other bulky equipment that would create safety hazards with dangling cords and wires, often creating an electronic circus.

Today, the Civil Complex Center courtrooms can be described as "plug and play". Litigants just need to bring their laptop and information on a CD-ROM.  The necessary infrastructure (wiring, conduit, floor receptacles and connectors) is provided.

2

EXHIBIT B- PAGE 71

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX FACT SHEET**

---

Effective September 1, 2007, attorneys have the option of providing, or partnering with a vendor of their choice to provide, necessary computer equipment for any courtroom at the Civil Complex Center.

Monitors are provided at the counsel tables, the judge's bench and the witness box. There are 46-inch LCD panels for the jury to view exhibits and presentations. The judge's bench has a kill switch to make the screens blank if information is presented that should not be seen by the jury.

EXHIBIT B- PAGE 72