Docusign Envelope ID: 20E5B352-D995-45D7-8309-1CEA7B41529D

1 EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
2 MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
3 DANIEL N. ROJAS, CA Bar No. 326115
daniel.rojas@ogletree.com
4 OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
5 400 South Hope Street, Suite 1200
Los Angeles, CA 90071
6 Telephone: 213-239-9800
Facsimile: 213-239-9045
7
Attorneys for Defendant
8 SAINT-GOBAIN GLASS CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSALETY AVILA BARNETT, JOSHUA NAPPI, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SAINT-GOBAIN GLASS CORPORATION, a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. _____<br><br>**DECLARATION OF JENNIFER PERRY IN SUPPORT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Declarations of Zachary Minute and Melis Atalay in Support of Removal]<br><br>Complaint Filed: July 19, 2024<br>Trial Date:　　　 None |

## DECLARATION OF JENNIFER PERRY

I, Jennifer Perry, declare and state as follows:

1. I am currently employed as the Human Resources Director for Saint-Gobain Glass Corporation ("Defendant" or "SGG"), a defendant in the above captioned-action.. As Human Resources Director, I am generally familiar with the employees who work in the facilities operated by Defendant, including plaintiffs Rosalety Avila Barnett and Joshua Nappi. I am also familiar with and have access to Defendant's records reflecting the employment status and history as well as time punch, pay rate information for its employees in California. I have personal knowledge of all of the facts set forth below, and if called upon to testify to the same, I could and would do so competently and truthfully.

2. To the extent that this declaration is based upon business records, those records are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of Defendant's business to maintain such records.

3. Defendant is organized as a corporation under the laws of Delaware. Defendant is not incorporated, nor formed, in California.

4. Defendant's officers direct, control, and coordinate the entity's business activities in Malvern, Pennsylvania and/or in Mexico.

5. Defendant's administrative offices, including its human resources, information technology, and legal departments, are housed at Defendant's corporate entity location in Malvern, Pennsylvania.

6. Defendant's senior executives perform executive functions for Defendant from Mexico.

7. Defendant, by and through its high-ranking officers, whose offices are located in Malvern, Pennsylvania and/or Mexico, direct, control, and coordinate activities, which include the following: (1) matters relating to the financing of Defendant's operations; (2) advertising and marketing; (3) final decisions with respect

to directing general business and operations; (4) compliance with state and federal laws and legal services associated with such matters; (5) the size and composition of Defendant's workforce; and (6) Defendant's IT functions. The books and records relating to these and other matters, which are directed, controlled, and coordinated from headquarters in Pennsylvania, are maintained at that office.

8. I am familiar with Defendant's business records regarding plaintiff Rosalety Barnett Avila. These records confirm that Ms. Barnett worked for Defendant as a non-exempt employee between approximately May 13, 2024 and June 6, 2024 at a SGG location in California. At the time that she was hired and throughout her employment with SGG, Ms. Barnett provided a home address located in the State of California.

9. I am familiar with Defendant's business records regarding plaintiff Joshua Nappi. These records confirm that Mr. Nappi worked for Defendant as a non-exempt employee between approximately May 13, 2024 and June 6, 2024 at a SGG location in California. At the time that he was hired and throughout his employment with SGG, Mr. Nappi. Barnett provided a home address located in the State of California.

10. I am familiar with and have reviewed the employment data of Defendant's employees in California, which SGG maintains in the usual and customary course of business. I have reviewed data regarding Defendant's current and former California non-exempt employees between January 27, 2020 to July 21, 2024, including data pertaining to their payroll, employment status, and time punch records ("the Records"). Defendant compiled the Records from its Human Resources Information System. The Records were then transmitted to its outside counsel, Ogletree, Deakins, Nash, Smoak & Stewart PC, for review and analysis in connection with SGG's Notice of Removal.

1  I declare under penalty of perjury under the laws of the State of California that
2  the foregoing is true and correct, and that this declaration was executed on this 21st
3  day of August, 2024 at Midland, Michigan.

4
5  Signed by:
   Jennifer R. Perry
   04A2B4F01C5B41D...
6  Jennifer Perry

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28