_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendant:

Not Present                                        Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFFS' MOTION TO REMAND [12] AND GRANTING DEFENDANT'S MOTION TO DISMISS [10]**

Before the court are two matters: (1) Plaintiff Rosaley Avila Barrett and Plaintiff Joshua Barrett's (collectively, "Plaintiffs") Motion for Order Remanding Action to State Court ("Motion to Remand"), (Dkt. 12); and Defendant Saint-Gobain Glass Corporation's ("Defendant") Motion to Dismiss Case ("Motion to Dismiss"), (Dkt. 10). Both matters are fully briefed. (*See* Dkts. 13, 14, 16, 18.) The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss.

### I.    Background

On July 19, 2024, Plaintiffs filed the Complaint in Orange County Superior Court, asserting individual and putative class claims for violations of the California Labor Code and California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200, *et seq.* (*See generally* Dkt. 1, Exh. A ("Compl.").) Plaintiffs assert eight wage-and-hour claims, generally alleging that Defendant failed to pay minimum, straight time, and overtime wages, provide meal and rest periods, pay timely wages at termination, provide accurate itemized wage statements, and indemnify employees for business expenditures. (*Id.* ¶¶ 32-95.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

On August 22, 2024, Defendant removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. (Dkt. 1.) Defendant alleged the court has jurisdiction over this suit under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) & 1453, because the number of potential class members exceeds 100, the parties meet minimum diversity requirements, and the amount in controversy exceeds $5,000,000. (*Id.* ¶¶ 7-69.) On September 11, 2024, Defendant filed the Motion to Dismiss all of Plaintiffs' claims. (Dkt. 10.) On September 20, 2024, Plaintiffs filed the Motion to Remand, arguing Defendant failed to demonstrate that the amount in controversy exceeds $5,000,000. (*See generally* Dkt. 12.)

## II.    Legal Standards

### A.    Motion to Remand

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). The Class Action Fairness Act of 2005 ("CAFA") grants federal courts original jurisdiction over class action cases where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (5)(B); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 82 (2014).

The removing defendant bears the burden of establishing federal jurisdiction. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). To satisfy this burden with respect to the amount in controversy, "a removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 89). The "notice of removal 'need not contain evidentiary submissions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197). "[A] defendant's amount in controversy allegation is normally accepted when

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 87).

"Thereafter, the plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations" in a motion to remand. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 975 F.3d 959, 964 (9th Cir. 2020)). A facial attack challenges "the form, not the substance" of the defendant's removal allegations by asserting the facts are "insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The defendant need not respond to a facial attack with "competent proof" under a summary judgment-type standard. *Harris*, 980 F.3d at 700. By contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings," *Salter*, 974 F.3d at 964, such as affidavits, declarations, or "other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

If the plaintiff contests the amount in controversy, the defendant bears the burden of establishing the basis for removal jurisdiction by a preponderance of the evidence. *Harris*, 980 F.3d at 699. Both parties submit evidence, and the court then determines whether the defendant met their burden of demonstrating the amount in controversy by considering "real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197.

B.    Motion to Dismiss

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by
reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues
& Rts., Ltd.*, 551 U.S. 308, 322 (2007).

To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege
"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss
does not need detailed factual allegations," a plaintiff must provide "more than labels and
conclusions" and "a formulaic recitation of the elements of a cause of action" such that the
factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and
internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(reiterating that "recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a
cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting
*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is
'context-specific' and 'requires the reviewing court to draw on its judicial experience and
common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96
(9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of
truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to
give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996
(quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations
that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to
require the opposing party to be subjected to the expense of discovery and continued litigation."
*Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer
possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,
550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

### III.   Discussion

Because Plaintiffs' Motion to Remand challenges the court's subject-matter jurisdiction, the court first resolves the Motion to Remand. *See, e.g.*, *Lambert v. CalPortland Co.*, 2020 WL 6802028, at *3 (C.D. Cal. Nov. 19, 2020) ("Plaintiff's Motion to Remand must be assessed first—if the [c]ourt remands, the Motion to Dismiss is moot.").

### A.   Plaintiffs' Motion to Remand

Plaintiffs moves to remand this case solely because Defendant allegedly failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, as required for jurisdiction under CAFA.[1] (Dkt. 12 at 8-9.) Generally, Plaintiffs challenge Defendant's amount-in-controversy calculations as unreasonable, speculative, and inconsistent with the Complaint's allegations. (*Id*. at 15-26.)

Defendant urges the court to construe Plaintiffs' arguments as a facial attack, in part because Plaintiffs did not submit any evidence rebutting Defendant's assumptions or alternative calculations. (Dkt. 16 at 11-12.) "A factual attack, however, need only challenge the truth of

---

[1] Because the parties agree that the other requirements for CAFA jurisdiction are met in that Plaintiffs' proposed class is larger than 100 persons and the parties are minimally diverse, (*see* Mot. at 12-13; Opp. at 6 n.1), the court does not discuss these requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700. Given that Plaintiffs argue that Defendant's assumptions are unsubstantiated and inconsistent with the Complaint, the court concludes Plaintiffs mount a factual attack to Defendant's amount-in-controversy allegations. *See Harris*, 980 F.3d at 700 (concluding plaintiff mounted a factual attacked by "contest[ing] [the defendant's] failure to demonstrate that all members of the Hourly Employee Class worked shifts long enough to qualify for meal and rest periods"); *cf. Salter*, 974 F.3d at 964-65 (concluding the plaintiff mounted only a facial attack where the plaintiff did not "challenge[] the truth" or "rationality" of the defendant's allegations, dispute the defendant's principal estimate, argue that the defendant "misinterpreted the thrust of his complaint," or "offer any declaration of evidence" challenging the factual basis of defendant's allegations).

    Accordingly, Defendant must demonstrate the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Jauregui*, 28 F.4th at 992. Because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," *Arias*, 936 F.3d at 927 (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)), Defendant "need not predict the trier of fact's eventual award with one hundred percent accuracy," *Jauregui*, 28 F.4th at 993 (quotation omitted). Instead, "[t]he preponderance of the evidence standard, in practical terms, requires the defendant to provide persuasive evidence that 'the potential damages could exceed the jurisdictional amount.'" *Salatino v. Am. Airlines, Inc.*, 719 F. Supp. 3d 1094, 1098 (S.D. Cal. 2024) (quoting *Lewis*, 627 F.3d at 400). In this case, neither Plaintiffs nor Defendant submitted additional evidence in briefing the Motion to Remand, so the court considers only the parties' arguments, the Complaint, the Notice of Removal, and the exhibits attached thereto in determining whether Defendant has discharged its burden.[2]

---

[2] Although neither party submitted new evidence, both parties request that the court take judicial notice of various judicial decisions on motions to remand along with the complaints and declarations evidence submitted in support of those motions. (*See* Dkts. 12-4; 16-1.) The court does not rely on or require these exhibits to decide the Motion to Remand and thus **DENIES**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

"To determine the amount in controversy, [courts] 'first look to the complaint.'" *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020) (quoting *Ibarra*, 775 F.3d at 1197). As discussed above, Plaintiffs bring eight wage-and-hour claims and seek to certify a single class for all claims defined as "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Compl. ¶¶ 25, 32-95.) Plaintiffs do not quantify their claimed damages in the Complaint but generally request unpaid wages, unpaid meal and rest period premium wages, statutory wage penalties, statutory waiting time penalties, unreimbursed business expenses, and attorney's fees. (*See generally id.*, Prayer for Relief.)

In the Notice of Removal, Defendant relied on the Complaint and the declarations of Jennifer Perry, Defendant's human resources director, and Zachary Minute, a data analytics manager at defense counsel's firm, to calculate the amount in controversy. (Dkt. 1-4 ("Perry Decl.") ¶ 1; Dkt. 1-5 ("Minute Decl.") ¶ 1.) Ms. Perry reviewed data related to non-exempt California employees' payroll, employment status, and time punch records during the applicable class period and provided this data to defense counsel. (Perry Decl. ¶¶ 8-10.) Mr. Minute used these records to estimate, *inter alia*, the number of current and former employees during the class period (289), the number of workweeks at issue (27,621), the average shift length (8.29 hours), and the average hourly wage rate ($17.95). (*See, e.g.*, Minute Decl. ¶¶ 6-14; Dkt. 1 ¶ 26.) Defendant then used Mr. Minute's estimates to calculate the amount in controversy as follows:

- <u>Unpaid Minimum Wages:</u> Defendant estimates that each class member earned a regular hourly rate of no less than $14.00 and incurred one hour of unpaid minimum wage per week, for a total of **$386,694** in total unpaid minimum wages ($14.00 x 27,621 workweeks x 1 hour). (Dkt. 1 ¶¶ 27-28.)

_____

**AS MOOT** both parties' requests for judicial notice. *See, e.g.*, *Moore v. Rodriguez*, 2021 WL 2222590, at \*23 (S.D. Cal. June 2, 2021) (denying a party's request for judicial notice because the court did not rely on the document's contents to decide the motion).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

- <u>Unpaid Overtime Wages:</u>  Defendant estimates that each class member incurred two hours of unpaid overtime per week and earned an average hourly wage of $17.95, for a total of **$1,487,390.85** in total unpaid overtime wages ($26.95 x 27,621 workweeks x 2 hours).  (*Id.* ¶¶ 29-30.)

- <u>Failure to Provide Meal Periods</u>: Defendant states that employees who are not provided a meal period are entitled to one hour of premium pay for each day a meal period was not provided under California Labor Code § 226.7(c).  Defendant assumed a 60% meal period violation rate and estimates that class members worked an aggregate of 124,190 shifts exceeding five hours in length at an average hourly rate of $17.95, for a total of **$1,337,526.30** in premium pay stemming from missed meal periods ($17.95 x 124,190 shifts x 0.60).  (*Id.* ¶¶ 31-37.)

- <u>Failure to Provide Rest Periods:</u> Defendant states that employees who are not provided a rest period are entitled to one hour of premium pay for each day a rest period was not provided under California Labor Code § 226.7(c).  Defendant assumed a 60% rest period violation rate and estimates that class members worked an aggregate of 125,353 shifts exceeding three-and-a-half hours in length at an average hourly rate of $17.95, for a total of **$1,350,051.81** in premium pay stemming from missed rest periods ($17.95 x 125,353 shifts x 0.60).  (*Id.* ¶¶ 38-45.)

- <u>California Labor Code Section 203 Waiting Time Penalties:</u>  Defendant states that California Labor Code Section 203 imposes a penalty of up to thirty days of wages for an employer who fails to pay the wages of an employee who is discharged or quits.  Defendant estimates at least 136 non-exempt employees "separated employment with Defendant" during the class period.  Defendant further estimates that each employee earned an hourly base wage of $18.33 and worked an average shift length of 8.33 hours, equivalent to a daily rate of pay of $155.71 (8 hours x $18.33).  Thus, Defendant estimates total waiting time penalties of **$603, 504.90** ($155.71 average daily rate x 30 days x 136 employees).  (*Id.* ¶¶ 46-51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                          Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

- <u>California Labor Code Section 226 Wage Statement Penalties</u>: Defendant reasons that California Labor Code section 226(a) imposes a $50 penalty for failure to provide accurate itemized wage statements for an initial violation and $100 for each subsequent violation in a pay period, with aggregate penalties not to exceed $4,000 per employee. Defendant estimates that at least 102 class members received no less than 32 wage statements, entitling each class member to $3,150 (($50 x 1 wage statement) + ($100 x 31 wage statements)), for a total of **$321,300** ($3,150 x 102) in wage statement penalties. (*Id.* ¶¶ 52-57.)

- <u>Expense Reimbursement</u>: Based on the Complaint's allegations that "Plaintiffs and the Class regularly paid out-of-pocket for necessary employment-related expenses, including, without limitation, work attire and equipment, and use of personal cell phone[s] for work related purposes" and "incurred substantial expenses as a direct result of performing their job duties for Defendant[]," Defendant estimates that Plaintiffs incurred $5.00 of unreimbursed business expenses per week for a total of **$138,105.00** ($5 x 27,621 weeks). (*Id.* ¶¶ 58-62.)

- <u>Attorney's Fees</u>: Defendant estimates that Plaintiffs and the putative class members may be entitled to 25% of the aggregate damages awarded in attorney's fees, for a total of **$1,374,814.94** in attorney's fees ($5,499,259.76 in aggregate damages x 0.25). (*Id.* ¶¶ 63-67.)

In sum, Defendant estimates that the amount in controversy totals at least $7,046,705.95. (*Id.* ¶ 68.)

"In most wage and hour class actions, CAFA amount-in-controversy estimates are premised on three variables: (1) the total number of possible violations; (2) the frequency at which violations might have occurred; and (3) the potential cost associated with each hypothetical violation." *Salatino*, 719 F. Supp. 3d at 1100. In this case, Plaintiffs principally contest the second variable, the frequency at which violations might have occurred, arguing that: (1) Defendant failed to substantiate the violation rates for missed meal and rest breaks, unpaid minimum and overtime wages, and waiting time and wage statement penalties; and (2)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

that these violation rates are inconsistent with the limiting language in the Complaint suggesting these violations occurred "regularly," but not "always."  (Dkt. 12 at 13-24.)

To start, the court outlines several general principles regarding violation rates.  "In wage and hour suits, a violation rate generally represents the percentage of shifts in which putative class members hypothetically experienced a violation."  *Salatino*, 719 F. Supp. 3d at 1100; *see also Holcomb v. Weiser Sec. Servs., Inc.*, 424 F. Supp. 3d 840, 845 n.2 (C.D. Cal. 2019) ("A 100% violation rate calculation assumes violations occurring in every identified shift for each class member.").  "[A] defendant is not 'required to comb through its records to identify and calculate the exact frequency of violations.'"  *Serrieh v. Jill Acquisition LLC*, 707 F. Supp. 3d 968, 974-75 (E.D. Cal. 2023) (quoting *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015)).  In fact, "[m]andating evidentiary support for a violation rate assumption is akin to requiring that a defendant prove it actually violated the law at the assumed rate."  *Salatino*, 719 F. Supp. 3d at 1101 (cleaned up).  "[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"  *Arias*, 936 F.3d at 927 (quoting *Ibarra*, 775 F.3d at 1199).

Considering these principles, the court finds Defendant's assumptions regarding the various violation rates at issue are reasonable.  First, Defendant's assumptions that 60% of class members are owed one hour of premium pay for every shift longer than 3.5 hours for rest breaks and one hour of premium pay for every shift longer than 5 hours for meal breaks are reasonable.  *See Bonetti v. TriStruX LLC*, 2024 WL 3225905, at *7 (N.D. Cal. June 27, 2024) ("District courts have found rates from twenty to sixty percent reasonable."); *Ramirez v. HV Glob. Mgmt. Corp.*, 2022 WL 1210402, at *3 (N.D. Cal. Apr. 25, 2022) (collecting cases).  These assumptions are also sufficiently grounded in the Complaint's allegations, including that Defendant "regularly, but not always," required Plaintiffs and class members to forego meal periods, "requir[ed], pressur[ed], or encourag[ed]" Plaintiffs and the class members to work through meal and rest periods, "den[ied] Plaintiffs and the [class members] permission" to take a meal or rest period, and maintained a "policy and practice" of not providing meal and rest periods.  (*See, e.g.*, Compl. ¶¶ 17-18, 51-58.)  The court finds the limiting language cited by Plaintiffs, when read in the context of the other allegations in the Complaint, does not conflict

_____

**CIVIL MINUTES – GENERAL**                                                    **10**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

with a 60% violation rate or suggest that rate is unreasonable, particularly because Plaintiffs allege a policy and practice of denying meal and rest periods.[3]  *See, e.g.*, *Mendoza v. OSI Indus., LLC*, 2022 WL 4291327, at *5 (C.D. Cal. Sept. 16, 2022) (finding a 100% violation rate reasonable where the plaintiffs alleged a "policy and practice" of denying meal breaks).

Second, the court finds Defendant's assumptions regarding minimum and overtime wages, namely that each class member worked one hour of unpaid minimum wage time and two hours of unpaid overtime each week, reasonable.  Contrary to Plaintiffs' arguments, the Complaint's allegations with respect to the wage violations suggest that the purported violations occurred consistently, as a result of Defendant's "policy and practice."  (*See, e.g.*, Compl. ¶ 16.) For example, the Complaint alleges that "[a]t *all times* relevant hereto": (1) Plaintiffs and the putative class members "worked more than eight hours in a workday and/or more than forty hours in a workweek"; (2) Defendant "knowingly failed to pay Plaintiffs and the [class members] compensation for all hours worked"; and (3) Defendant "failed to pay Plaintiffs and the [class members] overtime compensation for the hours they have worked in excess of the maximum hours permissible by law."  (*Id.* ¶¶ 34, 45-46 (emphasis added).)  In sum, the Complaint, read holistically, suggests that Plaintiffs and the putative class members worked some amount of overtime every week and Defendant consistently failed to pay Plaintiffs for all hours worked.  Because these allegations imply regular and frequent violations, the court is unpersuaded that the single allegation suggesting that "[s]ome of the [off-the-clock] work should have been paid at the overtime rate" renders Defendant's assumptions unreasonable. *See, e.g.*, *Cabrera v. S. Valley Almond Co.*, 2021 WL 5937585, at *8 (C.D. Cal. Dec. 16, 2021) (finding assumption of one hour of unpaid overtime and one hour of unpaid minimum wages per week consistent with limiting language of "at times" and "on occasion"); *Andrade v.*

---

[3] The Complaint does not contain limiting language with respect to the rest periods.  (*See, e.g.*, Compl. ¶ 18 ("Defendant[] *regularly* required Plaintiffs and the Class to work in excess of four consecutive hours a day without Defendant[] authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period . . . "); ¶ 57 ("Defendant[] failed to authorize Plaintiffs and the Class to take rest breaks, regardless of whether employees worked more than four hours in a workday" and "made it impossible or impracticable to take these uninterrupted rest periods . . . .").)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

═══════════════════════════════════════════════════════════════════

*Beacon Sales Acquisition, Inc*., 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (finding assumptions of two hours of unpaid overtime per week were reasonable where the violation rate was "grounded in the broad allegation that these violations occurred as matters of policy and/or practice and . . . allegations involving Defendants' various schemes to underpay employees").

Third, the court finds Defendant's assumptions regarding waiting time and wage statement penalties reasonable.  With respect to waiting time penalties, Plaintiffs argue that Defendant failed to substantiate both the 100% violation rate for all 136 employees terminated during the class period and the maximum penalties used.  (Dkt. 12 at 21-23.)  But, in the Complaint, Plaintiffs allege Defendant have failed to pay wages due at the time of separation for *all* employees terminated during the class period through the present day and seek maximum penalties to the extent available.  (*See, e.g.*, Compl. ¶ 19 ("Defendant['s] failure to timely pay Plaintiffs' final wages when their employment terminated was not a single, isolated incident, but was instead consistent with Defendant['s] policy and practice that applied to Plaintiffs and the [class members]"), ¶ 61 ("Defendant[] failed, and continue to fail to pay terminated [c]lass [m]embers, without abatement . . . "); ¶¶ 62-65.)  Thus, the court concludes it was not unreasonable for Defendant to assume that all terminated employees would be entitled to maximum waiting time penalties.  *See, e.g.*, *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1188 (E.D. Cal. 2020) ("Because Plaintiff is asking for a maximum statutory penalty of 30 days, Defendant need not produce evidence, and it is reasonable to assume based on the FAC that Plaintiff could obtain statutory penalty of maximum 30 days."); *Serrieh*, 707 F. Supp. 3d at 976 (collecting cases).

Likewise, with respect to the inaccurate wage statement assumptions, the court finds Defendant's 100% violation rate was reasonable given the Complaint's allegations of widespread wage and hour violations and the lack of limiting language regarding wage statements.  (*See, e.g.*, Compl. ¶¶ 20, 66-73); *cf. Jauregui*, 28 F.4th at 992 (concluding that "it was not unreasonable for [the defendant] to assume that the vast majority (if not all) of the alleged violations over the four years at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty").

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                      Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

        Fourth, the court finds Defendant's assumptions regarding the attorney's fees at issue
reasonable.  "[W]hen a statute or contract provides for the recovery of attorneys' fees,
prospective attorneys' fees must be included in the assessment of the amount in controversy."
*Arias*, 936 F.3d at 926 (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th
Cir. 2018)).  Here, Plaintiffs seek attorney's fees under California Labor Code § 1194(a).
(Compl., Prayer for Relief.)  Plaintiffs do not contest this calculation, and the court concludes it
was reasonable for Defendant to include an estimate of 25% attorneys' fees when calculating
the amount in controversy.  *See Serrieh*, 707 F. Supp. 3d at 976 ("The benchmark for class
action attorneys' fees in the Ninth Circuit is 25%, 'with 20-30% as the usual range.'") (quoting
*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)).

        Even before adding in attorney's fees, Defendant's estimates stemming from the violation
rates the court found reasonable above total $5,499,259.76.[4]  When viewed in conjunction with
attorney's fees, the court concludes Defendant has sufficiently demonstrated that the amount in
controversy exceeds $5,000,000 by a preponderance of the evidence.[5]  *See Arias*, 936 F.3d at
927 ("Where a removing defendant has shown potential recovery 'could exceed $5 million and
the plaintiff has neither acknowledged nor sought to establish that the class recovery is
potentially any less,' the defendant 'has borne its burden to show the amount in controversy
exceeds $5 million.'") (quoting *Lewis*, 627 F.3d at 401).  Therefore, the Motion to Remand is
**DENIED**.

        B.      Defendant's Motion to Dismiss

        Defendant seeks to dismiss all of Plaintiff's claims for failure to state a claim and strike
all references to California Labor Code § 204 and requests for injunctive or declaratory relief.
(*See generally* Dkt. 10.)

_____
[4] ($1,874,084.85 + $1,337,526.30 + $1,350,051.81 + $625,296.80 + $312,300) = $5,499,259.76
[5] Because Defendant has met its burden of demonstrating the amount in controversy even
without the calculations stemming from the alleged unreimbursed business expenses, the court
does not assess the reasonableness of those calculations.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

1.   *First and Second Claims: Failure to Pay All Hourly or Overtime Wages*

Plaintiffs first and second claims allege that Defendant failed to pay Plaintiffs minimum, straight, and overtime wages for all hours worked.  (Compl. ¶¶ 32-50.) Defendant argues that the Complaint lacks sufficient facts demonstrating that Plaintiffs were not paid all wages for off-the-clock work and fails to meet the pleading standard set out in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014).  (Dkt. 10 at 10-11.)

Under California law, an employer must pay an employee at least the minimum wage for all hours worked.  Cal. Lab. Code §§ 1194, 1197.  In addition, an employer must pay an employee overtime wages for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . at the rate of no less than one and one-half times" their regular rate.  Cal. Lab. Code § 510.  To survive a motion to dismiss claims for unpaid wages, "at a minimum, a plaintiff . . . must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."[6]  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (citations omitted).

The court finds the Complaint fails to allege claims for unpaid minimum, straight, and overtime wages.  The Complaint alleges that Defendant paid Plaintiffs an hourly wage, Defendant typically scheduled Plaintiffs to work at least five days of at least eight hours per day in a workweek, Plaintiffs regularly worked more than forty hours in workweek, and Defendant knowingly failed to pay Plaintiffs for all hours worked.  (Compl. ¶¶ 7, 8, 14, 15, 34-35, 45-46.) Although *Landers* does not require "detailed factual allegations regarding the number of overtime hours worked" or "mathematical precision," *Landers* does provide that "conclusory

_____

[6] Although *Landers* involved hourly and overtime wage claims under the federal Fair Labor Standards Act ("FLSA"), 771 F.3d at 641-46, the Ninth Circuit has applied its reasoning to parallel claims under California state law.  *See, e.g.*, *Boyack v. Regis Corp.*, 812 F. App'x 428, 430-31 (9th Cir. 2020) (concluding that the plaintiffs failed to allege their California Labor Code claims for unpaid wages under *Landers*); *Carter v. Rasier-CA, LLC*, 724 F. App'x 586, 587 (9th Cir. 2018) (affirming district court's application of *Landers* to plaintiff's claims arising under state and federal law).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

allegations that merely recite the statutory language are [not] adequate" to plausibly allege a claim. *Landers*, 771 F.3d at 644-45; *see also Tan v. GrubHub Inc.*, 171 F. Supp. 3d 998, 1007 (N.D. Cal. 2016) ("*Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail fall short of *Twombly/Iqbal*.").

In this case, the Complaint's allegations merely recite the statutory language, and the court concludes these allegations lack sufficient factual detail to plausibly allege claims for unpaid minimum, straight, and overtime wages. *See, e.g.*, *Landers*, 771 F.3d at 646 (concluding the plaintiff "failed to provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week" given that he "merely alleged that he was not paid for overtime hours worked") (internal quotation marks, alterations, and citations omitted); *Boyack v. Regis Corp.*, 812 F. App'x 428, 430-31 (9th Cir. 2020) (affirming dismissal of overtime claim where the plaintiffs "merely alleged specific weeks for which they are 'owed' a specified amount of overtime pay" because "[t]his is a legal conclusion for which the complaint contains no supporting factual allegations, such as the number of hours worked compared to the number of hours for which compensation was given").

Plaintiffs' cited authority purportedly demonstrating that the Complaint's allegations are sufficient under *Landers* only bolsters this conclusion. Each of these cases contained additional factual allegations not present here and thus illustrates the well-established principle that "with the pleading of more specific facts . . . the complaint moves [closer] toward plausibility."[7]

_____

[7] Notably, in one of Plaintiffs' cited case, *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998 (N.D. Cal. 2016), the district court dismissed nearly identical allegations as insufficient to state plausible claims for minimum wage and overtime pay. 171 F. Supp. 3d at 1006-07 (granting motion to dismiss minimum wage and overtime claims where the plaintiffs alleged that they "regularly worked more than 8 or even 12 hours in a day and 40 hours per week without receiving overtime pay," "regularly worked in excess of [60] hours per week without receiving time-and-a-half pay for the hours that exceeded 40 in a week," and "routinely worked more than [12] hours in a day without receiving twice his regularly hourly rate").

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

*Landers*, 771 F.3d at 645; *see also Boon v. Canon Bus. Solutions*, 592 F. App'x 631, 632 (9th Cir. 2015) (concluding the plaintiff plausibly alleged a claim for unpaid overtime wages by "identif[ying] tasks for which he was not paid and alleg[ing] that he regularly worked more than eight hours in a day and forty hours in a week"); *Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 870 (E.D. Cal. 2022) ("Though *Boon* suggests that a plaintiff states a FLSA claim by identifying tasks for which they were not paid, these descriptions must provide *meaningful detail*.") (emphasis added) (internal quotation marks and citations omitted).  Absent any comparable factual allegations in this case, the court concludes the Complaint fails to plausibly allege claims for unpaid minimum, straight, or overtime wages.  Accordingly, the court **GRANTS** the Motion to Dismiss as to Plaintiffs' first and second claim.

2.    *Third and Fourth Claims: Failure to Provide Meal and Rest Breaks*

Defendant next argues that Plaintiffs' claims for failure to provide meal and rest periods fail because the Complaint alleges only conclusory statements unsupported by facts regarding, for example, "when or how often Plaintiffs or other putative class members were allegedly forced to forego compliant meal or rest breaks," "how any particular rest breaks failed to comply with California law," and "when or how Plaintiff[s] or other putative class members were denied premium pay."  (Dkt. 10 at 11-12.)

Under California law, "[a]n employer generally must provide a 30-minute meal period to all nonexempt employees who work more than five hours, and a second 30-minute meal period to employees who work more than 10 hours."  *Lampe v. Queen of the Valley Med. Ctr.*, 19 Cal. App. 5th 832, 847 (2018) (citations omitted); *see also* Cal. Labor Code § 512.  In addition, employers must "authorize and permit all employees to take rest periods" required by the wage orders of the California Industrial Welfare Commission ("IWC").  Cal. Lab. Code § 226.7(b); *see, e.g.*, IWC Wage Order No. 4-2001 § 12 (setting out rest periods applicable to professional, technical, clerical, mechanical, and similar occupations).  "If an employer does not provide an employee with a compliant meal [or rest] period, then the employer must provide the employee with premium pay for the violation" equivalent to "one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal [or rest] period is not provided."

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

_____

*Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 67 (2021) (internal quotation marks and citation omitted); *see also* Cal. Lab. Code § 226.7(c).

Most district courts in the Ninth Circuit have held that *Landers*' requirement "that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods." *Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (collecting cases); *see also Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1032 (C.D. Cal. 2017) (applying *Landers*' standard to plaintiff's meal and rest period claims).  The court agrees with the reasoning of another court in this District that, "at a minimum, a complaint must include plausible factual allegations that the plaintiff was a victim of the defendant's alleged violations of the labor laws." *Sanchez v. Ritz Carlton*, 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015); *accord Yorba v. Gov't Emps. Ins. Co.*, 2024 WL 3448090, at *4 (S.D. Cal. July 17, 2024) (adopting same reasoning).

The court finds Plaintiffs' meal period and rest break claims fail to state a plausible claim for relief.  The Complaint generally alleges that Defendant "regularly failed to provide Plaintiffs and the Class with both meal periods" and "failed to authorize Plaintiffs and the Class to take rest breaks, regardless of whether employees worked more than four hours in a workday" by "requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal [and rest] periods, or by denying Plaintiffs and the Class permission to take a meal [or a rest] period."  (Compl. ¶¶ 17-18, 51-58.)

Again, Plaintiffs recite the statutory standard but fail to allege facts in support of these conclusory statements, including, for example, "a specific corporate policy prohibiting those breaks or a specific instance or instances in which [Plaintiffs] [were] denied a required break." *Ramirez*, 2022 WL 2132916, at *4.  As pleaded, the court concludes that Plaintiffs' allegations are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Landers*, 771 F.3d at 642 (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)); *see also Raphael v. Tesoro Ref. & Mktg. Co. LLC*, 2015 WL 4127905, at *3 (C.D. Cal. July 8, 2015) (granting the motion to dismiss where "[e]ach of . . . allegations read the same way, barren of facts describing specific periods of time where pay was denied or specific practices engaged in by [defendant] and instead only offers conclusory language").  Thus, the

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                          Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

court **GRANTS** the Motion to Dismiss as to Plaintiffs' third and fourth claims for failure to provide meal and rest periods.

       3.    *Fifth Claim: Failure to Pay All Wages at Separation*

Plaintiffs' fifth claim alleges that Defendant failed to pay timely wages, including payment for all expenditures, minimum wages, straight time wages, overtime wages, and meal and rest period premiums, upon separation of employment in violation of California Labor Code §§ 201, 202, and 203.  (Compl. ¶¶ 19, 59-65.)  Defendant contends Plaintiffs' fifth claim fails both because Plaintiffs pleaded no facts regarding what wages were due, when they were due, or how Defendant willfully failed to pay those wages, and because this claim is derivative of Plaintiffs' deficient first, second, third, fourth, and seventh claims for relief.  (Dkt. 10 at 12-14.)

Under California Labor Code § 201(a), "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Alternatively, if an employee without "a written contract for a definite period" resigns, "wages shall become due and payable not later than 72 hours thereafter," or, if the employee gave seventy-two hours' notice of resignation, "at the time of quitting."  *Id.* § 202(a).  "If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits," the employee is entitled to waiting time penalties.  *Id.* § 203(a).  "To state a claim for failing to timely pay wages upon termination, courts in the circuit have required plaintiffs to allege when their 'employment with Defendant ended,' and 'exactly what wages were earned and unpaid.'"  *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 524624, at *7 (C.D. Cal. Aug. 24, 2024) (quoting *Guerrero*, 2016 WL 6494296, at *8) (collecting cases).

The court finds the Complaint fails to plausibly allege a claim for waiting time penalties for two reasons.  First, by alleging only that Plaintiffs worked for Defendant between May 2024 and June 2024 and "Defendant[] willfully failed and refused to timely pay Plaintiffs and the Class all final wages due at their termination of employment," (Compl. ¶¶ 7-8, 19), Plaintiffs have failed to allege sufficient facts regarding the termination of their employment or the wages earned or expected to state a plausible claim for relief.  *See, e.g.*, *Wilcox*, 2023 WL 524624, at

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

*7 (dismissing plaintiff's claim for failure to pay all wages upon termination where the plaintiff "fail[ed]to provide even a modicum of factual detail, such as the date of her termination, the wages earned, and the wages expected . . . which renders her factual allegations too sparse to satisfy Rule 8").  Second, Plaintiffs' waiting time penalties claim is derivative of Plaintiffs' deficient wage, meal and rest break period, and business expenditure claims, *see* sections III.B(1)-(2), *supra*, & B(5), *infra*, and thus fails alongside those claims.  *See, e.g.*, *Verduzco v. French Art Network LLC*, 2023 WL 4626934, at *3 (N.D. Cal. July 18, 2023) (dismissing derivative claims for deficient wage statements and failure to pay all wages upon separation where predicate wage, meal period, and rest break claims were not adequately pled); *Alvarado v. Amazon.com, Servs. LLC*, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022) (same). Accordingly, the Motion to Dismiss is **GRANTED** as to Plaintiffs' fifth claim.

4.    *Sixth Claim: Failure to Provide Accurate Wage Statements*

Plaintiffs' sixth claim alleges that Defendant failed to provide accurate, itemized wage statements in violation of California Labor Code § 226(a).  (Compl. ¶¶ 20, 66-73.)  Defendant argues that Plaintiffs pleaded a derivative wage statement claim and thus Plaintiffs' sixth claim fails for the same reasons as Plaintiffs' wage, meal period, and rest break claims.  (Dkt. 10 at 14.)

California Labor Code section 226(a) requires employers to provide employees with "an accurate itemized statement in writing" showing, *inter alia*, "gross wages earned," "all deductions," "net wages," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  Cal. Lab. Code § 226(a).  "To state a claim for failure to provide accurate wage statements, a plaintiff must plead factual allegations sufficient to raise a plausible inference that the employer knowingly and intentionally failed to include at least one of the required items of section 226(a), thereby causing injury."  *Wilcox*, 2023 WL 524624, at *7 (citing *Brewer v. Gen. Nutrition Corp.*, 2015 WL 5072039, at *5 (N.D. Cal. Aug. 27, 2015)); *see also* Cal. Lab. Code § 226(e) (stating "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)" is entitled to various damages).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                          Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

The court agrees that Plaintiffs bring a derivative wage claim in that the Complaint alleges that Defendant provided inaccurate wage statements as part and parcel of Defendant's underlying failure to compensate Plaintiffs for their hours worked, overtime wages, and meal and rest period premium wages. (*See, e.g.*, Compl. ¶¶ 20, 68.) As with Plaintiffs' fifth claim, the court concludes that the sixth claim for failure to provide accurate wage statements is derivative of Plaintiffs' deficient wage and meal and rest break period claims, and thus fails for the same reasons as those claims. *See, e.g.*, *Verduzco*, 2023 WL 4626934, at *3; *Ramirez*, 2022 WL 2132916, at *4; *Alvarado*, 2022 WL 899850, at *2. The court **GRANTS** the Motion to Dismiss as to Plaintiffs' sixth claim for failure to provide accurate wage statements.

5.    *Claim 7: Failure to Reimburse Business Expenses*

Plaintiffs' seventh claim alleges that Defendant failed to compensate Plaintiffs for expenses incurred in the discharge of their duties. (Compl. ¶¶ 21, 74-78.) Defendant argues that the Complaint fails to state a claim for unreimbursed business expenses because Plaintiffs do not allege sufficient facts regarding the expenses at issue, including when and how Plaintiffs incurred the alleged expenses, what equipment and attire Plaintiffs were required to purchase, and what expenses were specific to their respective jobs. (Dkt. 10 at 14-15.)

California Labor Code § 2802 requires employers to indemnify "employee[s] for all necessary expenditures or losses incurred by the employee[s] in direct consequence of the discharge of [their] duties." Cal. Lab. Code § 2802. A claim for an unreimbursed business expense under section 2802 has three elements: "(i) the employee made expenditures or incurred losses; (ii) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (iii) the expenditures or losses were reasonably necessary." *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) (quoting *Marr v. Bank of Am.*, 2011 WL 845914, at *1 (N.D. Cal. Mar. 8, 2011), *aff'd* 506 F. App'x 661 (9th Cir. 2013)).

The court finds Plaintiffs have failed to allege the second and third elements of this claim. Here, the Complaint alleges that "Plaintiffs . . . regularly paid out-of-pocket for necessary employment-related expenses, including, without limitation, work attire and equipment, and use

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                     Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

of personal cell phone for work related purposes."  (Compl. ¶¶ 21, 74-78.)  However, Plaintiffs do not allege any information regarding their jobs, duties, or the nature of these expenses, and the court thus lacks sufficient information to infer either that the uniforms, equipment, or cell phones were incurred as a result of Plaintiffs discharging their work-related duties or that these expenses were "reasonably necessary."  *See, e.g.*, *Sagastume*, 2020 WL 8175597, at *7 (finding allegations that plaintiff incurred various unreimbursed business expenses insufficient to allege a claim under California Labor Code § 2802 because plaintiff "failed to provide sufficient information about her job and duties for the [c]ourt to infer why she would require the use of her vehicle and cell phone for work-related purposes, or what supplies she needed to purchase"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017) (same).  Therefore, the Motion to Dismiss is **GRANTED** as to Plaintiffs' seventh claim for unreimbursed business expenses.

6.    *Eighth Claim: Unfair Business Practices*

Plaintiffs' eighth claim alleges that Defendant engaged in unlawful business practices through the alleged violations of the California Labor Code discussed above.  (Compl. ¶¶ 79-95.)  Plaintiffs seek disgorgement, restitution, injunctive, and declaratory relief on their UCL claim.  (*Id.*, Prayer for Relief.)  Defendant argues that Plaintiffs have failed to allege facts demonstrating that Plaintiffs are entitled to equitable relief under the UCL—particularly, any facts suggesting Plaintiffs lack an adequate remedy at law as required by *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020).  (Dkt. 10 at 15-16.)

The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]."  Cal. Bus. & Prof. Code § 17200.  "Each of these three adjectives captures a separate and distinct theory of liability," *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (internal quotation marks omitted), and "[a]n act can be alleged to violate any or all of the three prongs of the UCL," *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).  The UCL's coverage is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law."  *CelTech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

_____

"[T]he UCL provides only for equitable remedies." *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006). As the Ninth Circuit explained in *Sonner v. Premier Nutrition Corp.*, "the traditional principles governing equitable remedies in federal courts . . . apply when a party requests restitution under the UCL . . . in a diversity action." 971 F.3d 834, 844 (9th Cir. 2020). Under those principles, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Id.*; *accord Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) ("In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."). Thus, in *Sonner*, the Ninth Circuit affirmed the district court's order dismissing plaintiff's claims for equitable restitution under the UCL because the operative complaint did not "not allege that [the plaintiff] lack[ed] an adequate legal remedy" and the plaintiff "concede[d] that she [sought] the same sum in equitable restitution . . . as she requested in damages to compensate her for the same past harm." 971 F.3d at 844.

In this case, Plaintiffs seek the same recovery, namely, unpaid wages and statutory penalties, under both the UCL and the California Labor Code. (Compl. ¶¶ 41, 50, 54, 58, 64, 72, 91-95 & Prayer for Relief.) Although the Complaint cursorily alleges that Plaintiffs "have no plain, speedy, and/or adequate remedy at law to redress the injuries which the [c]lass [m]embers suffered as a consequence of" Defendant's unlawful business practices, (*id.* ¶ 93), Plaintiffs "fail[ ] to explain how the same amount of money for the exact same harm is inadequate or incomplete." *Sonner*, 971 F.3d at 844. The court concludes Plaintiffs' UCL claim fails both because Plaintiffs have not alleged an inadequate remedy at law and because the UCL claim is premised wholly on Plaintiffs' deficient wage-and-hour law claims.[8] *See id.*

_____

[8] Plaintiffs also briefly argue that they may properly plead a request for equitable relief in the alternative at the pleading stage. (Dkt. 13 at 20-21.) The court notes that the argument that a plaintiff may plead equitable remedies in the alternative "has been explicitly rejected by numerous courts post-*Sonner*." *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *4 (C.D. Cal. Dec. 14, 2022) (collecting cases); *Diaz v. Georgia Pac. Corrugated LLC*, 2022 WL 20689543, at *3 (C.D. Cal. Oct. 27, 2022) ("Diaz argues that he may plead his claim for

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

(affirming dismissal of claims for equitable restitution where "the operative complaint d[id] not allege that [plaintiff] lack[ed] an adequate legal remedy"); *Pelayo v. Hyundai Motor Am., Inc.*, 2021 WL 1808628, at *9 (C.D. Cal. May 5, 2021) ("*Sonner* stands for the proposition that a plaintiff's failure to plead inadequate remedies at law dooms the claim for equitable relief at any stage.") (citation and internal quotation marks omitted); *Sagastume*, 2020 WL 8175597, at *7-8 (dismissing claims for equitable relief where complaint failed to allege plaintiff "lack[ed] an adequate legal remedy").  The Motion to Dismiss is **GRANTED** as to Plaintiffs' UCL claim.

    7.    *California Labor Code § 204*

    Defendant requests that the court strike all references to California Labor Code § 204 in the Complaint because Plaintiffs failed to allege sufficient facts suggesting Defendant did not timely pay Plaintiffs twice a month.  (Dkt. 10 at 16-18.)  Plaintiffs argue that they may properly assert claims for unpaid wages under California Labor Code § 204.  (Dkt. 13 at 21-23.)

    Although Defendant requests that the court strike the Complaint's references to California Labor Code § 204 under Rule 12(f), the court construes Defendant's motion to strike as a motion to dismiss Plaintiffs' section 204 claim under Rule 12(b)(6).  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) ("Handi–Craft's 12(f) motion [to strike the plaintiff's requested relief] was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."); *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f)  is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.") (cleaned up).

    Under California Labor Code section 204(a), an employer must pay employees: (1) for work performed between the first and fifteenth of the month by the twenty-sixth day of the

_____

equitable relief in the alternative, but that argument was foreclosed by *Sonner*.").  However, the court need not decide whether Plaintiffs may plead a request for equitable relief in the alternative here because Plaintiffs have failed to adequately allege an inadequate remedy at law.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                              Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

═══════════════════════════════════════════════════════════════

same month; and (2) for work performed between the sixteenth and the last day of the month must by the tenth day of the following month.  Cal. Lab. Code § 204(a).  Temporary services employers must pay their employees weekly.  *Id.* § 201.3(b)(1).  If an employer fails to timely pay wages under either section 204 or 201.3, the employer is subject to statutory penalties.  *Id.* § 210(a).

To the extent Plaintiffs allege a claim under section 204 as part of their unpaid minimum and overtime wage claims, the court finds this claim is not plausibly alleged.  Multiple district courts have determined that section 204 "simply regulates the timing of wage payments and does not provide for the payment of any particular type of wages or create any substantive right to wages."  *Frausto v. Bank of Am., Nat'l Ass'n*, 2018 WL 3659251, at *10 (N.D. Cal. Aug. 2, 2018); *see also Chiarito v. Home Depot, U.S.A., Inc.*, 2023 WL 6150815, at *2 (C.D. Cal. May 10, 2023) ("Section 204 regulates only the timing of wage payments, not the specific amount of wages owed, and therefore that Plaintiff [cannot] state a Section 204 claim based on underpaid wages."); *Huynh v. Jabil Inc.*, 2023 WL 1802417, at *4 (N.D. Cal. Feb. 7, 2023) (dismissing section 204 claim based only on defendant's "failure to pay wages"); *Carter v. Jai-Put Enter. Inc.*, 2020 WL 3545094, at *10 (N.D. Cal. June 30, 2020) (rejecting a section 204 claim because "a violation of section 204 cannot be premised solely on the claim that an employer underpaid wages").  Here, Plaintiffs' allegations related to section 204 are predicated wholly on Plaintiffs' claims for unpaid wages.  (*See, e.g.*, Compl. ¶¶ 40, 50.)  Therefore, the court concludes the Complaint fails to allege a plausible violation of section 204 and **GRANTS** the Motion Dismiss as to any claim brought under California Labor Code § 204.

## 8.    *Injunctive and Declaratory Relief*

As discussed above, Plaintiffs seek injunctive relief under the UCL and declaratory relief under the UCL and the California Labor Code.  (Compl. ¶¶79-95 & Prayer for Relief.)  Defendant argues that Plaintiffs lack standing to seek injunctive or declaratory relief as past employees.[9]  (Dkt. 10 at 18-19.)  Plaintiffs concede that they are former employees but argue

_____

[9] As with Defendant's other request to strike, the court construes Defendant's motion to strike Plaintiffs' requests for injunctive and declaratory relief as a motion to dismiss Plaintiffs'

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

=================================================================

that they may still seek injunctive relief on behalf other putative class members currently employed by Defendant and are "entitled to show that they could be re-hired and, therefore, could benefit from prospective relief." (Dkt. 13 at 24-25.)

To establish standing, "a plaintiff must demonstrate that: (1) she suffered an 'actual or imminent' injury as a result of the alleged illegal conduct; (2) there is a 'causal connection between the injury and the conduct complained of'; and (3) the injury will 'likely' be 'redressed by a favorable decision' of the court." *Wright v. Serv. Emps. Int'l Union Local 503*, 48 F.4th 1112, 1118 (9th Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The plaintiff has the burden of establishing standing 'for each claim she seeks to press and for each form of relief that is sought.'" *Id.* (alteration omitted) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

The court finds Plaintiffs lack standing to seek injunctive relief. "A plaintiff who cannot reasonably be expected to benefit from prospective relief ordered against the defendant has no claim for an injunction." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017). Thus, "a former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief." *Id.* at 865 (citations omitted). In this case, Plaintiffs allege that their employment with Defendant ended in June 2024. (Compl. ¶¶ 7-8.) Given that Plaintiffs do not allege any intent to return to work for Defendant, the court concludes Plaintiffs "would not stand to benefit from an injunction" and have not identified "a reasonably certain basis" suggesting Plaintiffs have a personal need for prospective relief. *See, e.g.*, *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (concluding the plaintiff lacked standing to seek injunctive relief against her past employer where "[t]here is no indication in the complaint that Walsh has any interest in returning to work" and "she would not stand to benefit from an injunction requiring the anti-discriminatory policies she requests at her former place of work"); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011) (noting that "those plaintiffs no longer employed by Wal–Mart lack standing to seek injunctive or declaratory relief

_____

requested relief under Rule 12(b)(6). *See Whittlestone*, 618 F.3d at 975; *Yamamoto*, 564 F.2d at 1327.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

_____

against its employment practices"); *Gordon v. Aerotek, Inc.*, 2017 WL 8217410, at *5-6 (C.D. Cal. Oct. 12, 2017) (collecting cases).

      The court also finds Plaintiffs' argument that they may represent putative class members seeking injunctive relief unpersuasive. "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Any injury unnamed members of [a] proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek."); *see also Hoffman v. Ford Motor Co.*, 2021 WL 3265010, at *10-11 (C.D. Cal. Mar. 31, 2021) (granting motion to dismiss equitable claims for relief where the "allegations demonstrate a threat of future injury to potential class members, not the named plaintiffs").

      The same reasoning applies to Plaintiffs' request for declaratory relief. Plaintiffs seek declaratory relief in the form of an order "declar[ing], adjudg[ing], and decree[ing] that Defendant violated" various provisions of the California Labor Code, IWC Wage Orders, and UCL. (Compl., Prayer for Relief.) To the extent the declaratory relief sought is intended to prevent prospective harm, Plaintiffs, as former employees not seeking reinstatement, lack standing to obtain such relief. *See, e.g.*, *Anicama v. Oracle Am., Inc.*, 2024 WL 3416512, at *7 (N.D. Cal. July 15, 2024) (finding the plaintiff lacked standing to seek declaratory relief as a former employee not seeking reinstatement). Alternatively, to the extent the declaratory relief sought pertains only to past harm, the court notes that "[a] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Bayer*, 861 F.3d at 868. The court concludes Plaintiffs' request for declaratory relief fails. Accordingly, the court **DISMISSES** Plaintiffs' request for injunctive and declaratory relief.

      In sum, the court **GRANTS** the Motion to Dismiss in its entirety. Because the court finds that amendment would not be futile, the Complaint is **DISMISSED WITH LEAVE TO AMEND**. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.") (internal quotation marks and citation omitted); *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01844-FWS-DFM                    Date: November 18, 2024
Title: Rosalety Avila Barrett *et al.* v. Saint-Gobain Glass Corporation *et al.*

F.4th 943, 956 (9th Cir. 2023) ("Amendment is futile when it is clear . . . that the complaint could not be saved by any amendment.") (internal quotation marks and citation omitted).

### IV. Disposition

For the reasons stated above, Plaintiffs' Motion to Remand is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**. The court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. Plaintiffs are **ORDERED** to file an amended complaint, if any, that is limited to addressing the deficiencies identified above within **fourteen (14) days** of the date of this Order.

Failure to file an amended complaint on or before the deadline set by the court **will** result in the dismissal of this action without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted.").

**IT IS SO ORDERED.**

_____